UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| CORTNEY TAYLOR | CIVIL ACTION NO. 04-2487-P |
| VERSUS | JUDGE HICKS |
| STEVE PRATOR, ET AL. | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Cortney Taylor ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on December 9, 2004. Plaintiff is currently incarcerated at the Winn Correctional Center, but he complains his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Steve Prator, the City of Shreveport, L.S.U. Medical Center, Sheila Wright, John Sells, the Caddo Correctional Center ("CCC") nursing staff and Doctor John Doe as defendants.

Plaintiff claims that on October 29, 2004, he broke his right thumb while incarcerated at CCC. He claims CCC denied him emergency medical treatment for his injury. He claims that on October 30, 2004, he was transported to LSU Medical Center for an examination of his thumb. He claims the doctor operated and inserted pins in his thumb. He also claims

the doctor was negligent and placed a brace on his thumb which was too small.

Plaintiff complains that the CCC nursing staff did not clean his wound daily as ordered by the doctor. He also complains that the CCC nursing staff ignored his complaints that his brace was too small. Plaintiff claims that as a result, his hand became infected and swollen.

Plaintiff claims that on November 17, 2004, he was examined by a doctor at LSU Medical Center because his hand was swollen and he was experiencing severe pain due to the negligence of CCC medical staff. He claims his thumb had to be surgically reopened in order to exam it. He claims the doctor determined that the primary cause of his hand infection was that his thumb had not been properly cleaned. He also claims the doctor informed him that his brace was too small.

Plaintiff complains that his requests for medical treatment since November 17, 2004, have been ignored. He claims that the infection is not healing and his hand may have to be amputated. He claims the pain pills he is receiving are ineffective because the doctor at L.S.U. Medical Center broke the pins off in his hand when he tried to remove them. He claims he cannot afford to be seen by the medical department.

Plaintiff seeks injunctive relief, punitive damages, monetary compensation, a declaratory judgment, court costs and any other relief to which he is entitled.

For the following reasons, Plaintiff's complaint should be dismissed.

### **LAW AND ANALYSIS**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. Finally, a prisoner must also allege an injury that is more than de minimis, although it need not be significant. See Gomez v. Chandler, 163 F.3d 921, 924 (5th Cir. 1999). See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate

indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits that on the day after his injury, he was transported to L.S.U. Medical Center for an examination. He also admits that surgery was performed on his hand. He does not allege that the doctor was deliberately indifferent to his serious medical needs when he placed a brace on his hand which was too small. Rather, Plaintiff claims that the doctor was negligent. Plaintiff admits that on November 17, 2004, he was transported to L.S.U. Medical Center because his hand was swollen and he was experiencing pain. Plaintiff does not allege that the CCC medical staff was deliberately indifferent to his serious medical needs. Rather, he claims the medical staff was negligent. Plaintiff admits that he received pain medication. Once again, Plaintiff does not allege that the doctor at L.S.U. Medical Center was deliberately indifferent to his serious medical needs when he broke the pins while attempting to remove them. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not

amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, the Court finds that Plaintiff's claims regarding the denial of medical care lack an arguable basis in fact and are frivolous.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 22nd day of August, 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE